UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WENDY DREWS,<br><br>      Plaintiff,<br><br>-against-<br><br>GREATER MENTAL HEALTH OF NEW YORK FORMERLY THE MENTAL HEALTH ASSOCIATION OF WESTCHESTER MHA & THE MENTAL HEALTH ASSOCIATION OF ROCKLAND,<br><br>      Defendants. | 24-CV-6699 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, a resident of Rockland County, brings this action *pro se* under the Court's federal question jurisdiction, alleging that Defendants violated her federally protected rights. By order dated September 9, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

  While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff filed this complaint against private medical providers located in Westchester and Rockland Counties. Specifically, she names as Defendants Greater Mental Health of New York ("MHA"), MHA of Mount Kisco, MHA of Rockland, and "All Companies MHA merged June 1, 2024." Plaintiff contends that Defendants provided her poorly printed documents and submitted false claims to Medicaid. The complaint also appears to be related to an ongoing family court matter involving the removal of her minor child.

The following facts are taken from the complaint.[1] In a family court proceeding in New York State, a "[c]ounty attorney said no other valid mental health evaluations were agency approved." (ECF 1, at 5.) "The mental health evaluations weren't court ordered until my older son requested from the Judge something on record and on paper documents." (*Id.*) Plaintiff completed forms for an evaluation with MHA of Westchester, but "they never picked up the records." (*Id.* at 6.) On October 19, 2023, Plaintiff retrieved the records in White Plains, but she was provided "poorly printed documents with left handside margins cut off." (*Id.*)

Plaintiff contends that "[t]his form of document fraud was used against us." (*Id.*) She also contends that when she "requested all my medical records," a "front desk lady" gave her a "toxic response." (*Id.*) For these reasons, Plaintiff "would like to file a qui tam suit." (*Id.* at 5.) She also states that she brings this action under the Health Insurance Portability and Accountability Act ("HIPAA").

## DISCUSSION

**A.    False Claims Act**

Plaintiff cannot proceed *pro se* with a *qui tam* action. A *qui tam* action, brought under the False Claims Act ("FCA"), imposes civil liability on any person who "knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a). The federal government, or a private person on behalf of the United States, may bring suit for the United States in a *qui tam* action where there has been fraud on the federal government. 31 U.S.C. § 3730(a), (b)(1); *see United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 932 (2009).

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original.

Because a *qui tam* action under the FCA is brought for and in the name of the United States, which remains the real party in interest, an individual cannot pursue such an action *pro se*. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) (concluding that private parties, acting on behalf of the United States, "lack a personal interest in False Claims Act *qui tam* actions . . . [and therefore] are not entitled to proceed *pro se*").

For this reason, Plaintiff cannot proceed *pro se* under the FCA. Accordingly, the Court dismisses her FCA claim without prejudice to her obtaining counsel to bring her FCA claim.

**B.      Health Insurance Portability and Accountability Act**

Plaintiff invokes HIPAA as a basis for this Court's jurisdiction and asserts that Defendants released her medical records improperly. The United States Court of Appeals for the Second Circuit has explained, however, that HIPAA does not authorize an individual to bring a claim based on such allegations:

> HIPAA prohibits the disclosure of medical records without a patient's consent. *See* 42 U.S.C. §§ 1320d-1 to 1320d-7. But the statute does not expressly create a private cause of action for individuals to enforce this prohibition. Instead, HIPAA provides for penalties to be imposed by the Secretary of the Department of Health and Human Services. *Id.* § 1320d-5(a)(1). Nor does the statute imply a private cause of action. *See Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017). By delegating enforcement authority to the Secretary of the Department of Health and Human Services, the statute clearly reflects that Congress did not intend for HIPAA to create a private remedy.

*See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

In short, there is no private right of action enabling an individual to bring suit under HIPAA. The Court therefore dismisses Plaintiff's HIPAA claim for failure to state a claim on which relief may be granted.[2] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[2] Although a federal law protects individuals' private medical information, there is no ability to sue in federal court for alleged HIPAA violations. Instead, individuals may be able to

**C.     Denial of Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

**CONCLUSION**

The Court dismisses (1) Plaintiff's FCA claim without prejudice and (2) her HIPAA claim for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to any claim Plaintiff may wish to pursue in the state courts regarding the release of her records.

The Court directs the Clerk of Court to terminate the motion for permission to participate in electronic case filing in this case. (ECF 6.)

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

take action under state law. The dismissal of Plaintiff's HIPAA claim is without prejudice to any action that she may pursue in state court.

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this order.

SO ORDERED.

Dated:  November 15, 2024
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge